# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

JONATHAN CROSS BURNS and LISA EVELYN BURNS,

Debtors.

Case No. A05-01930-DMD
Chapter 13

Filed On
8/23/06

## MEMORANDUM REGARDING OBJECTIONS TO
## CLAIMS NO. 8 & 9 (DeHart and Davis)

Gary Bouchard, a former millworker from New Hampshire, invested in a fraudulent pyramid scheme through a variety of offshore entities. He was convinced this was a genuine, lucrative investment and was very enthusiastic about it. He got his parents and sister interested in the investments. His sister, Lisa Burns, invested in the scheme. In the late 1990s, she persuaded her Alaska friends Audrey Ayay-DeHart, Wayne DeHart, Brenda Davis, Patrick Davis and others to do the same. The "investments" failed and everyone, including Lisa Burns, her brother and her parents, lost large sums of money.

The DeHarts sued Lisa Burns in state court in November, 2004. The Davises filed suit against Lisa in state court about eight months later, in July of 2005. Lisa and her husband filed for chapter 13 relief on October 14, 2005. The DeHarts and the Davises filed claims in the bankruptcy case for $96,733.90 and $202,227.62, respectively.[1] The debtors and the trustee objected to their claims. The debtors sought to reduce the DeHart claim from $96,773.90 to $66,997.00, and the Davis claim from $202,227.62 to $145,740.00, based on

---

[1] The claims were filed on February 28, 2006. The DeHarts filed Claim No. 8 and the Davises filed Claim No. 9.

a statute of limitations defense. The trustee joined in the debtors' objections to these claims based on a different theory, seeking to limit the claims to the amounts set forth in the two promissory notes these creditors attached to their claims, plus an allowance for pre-petition attorney's fees. Under the trustee's theory, the DeHart claim would be allowed in the sum of $14,500.00 and the Davis claim in the amount of $17,520.29.

The debtors suggest that the court estimate the DeHart and Davis claims under 11 U.S.C. § 502(c).[2] Because there is ample evidence before this court, however, I find that their liquidation will not unduly delay administration of this case. The parties have fully and capably briefed the issues regarding the claims. The two-day hearing on confirmation of the debtors' chapter 13 plan and the trustee's and debtors' objections to claims thoroughly explored all aspects of the DeHart and Davis claims. There is no point in estimating claims that have been extensively litigated before this court. I will, instead, determine the allowable amount of the DeHart and Davis claims in accordance with 11 U.S.C. § 502(b), rather than simply estimate them under § 502(c).

The first issue posed by the claims is whether or not they are barred by the statute of limitations. The debtors have asserted, both in state court and in their objection to claims before this court, that the DeHart and Davis claims were barred by the statute of limitations pertaining to violations of state security laws. These two claims accrued from March of 1998 through January of 2000. The DeHarts brought suit against Lisa Burns in

---

[2]Section 502(c)(1) permits the bankruptcy court to estimate, for purposes of allowance, "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case."

2

state court on November 24, 2004. The Davis's claim was initiated in state court on July 6, 2005. The statute of limitations for violation of state securities laws is three years after the contract of sale, or two years after a claimant "discovered or should have discovered the facts on which the action is based, whichever is later."[3] The running of the pertinent limitations statute is delayed until a plaintiff is aware of or is deemed to be aware of all elements of a cause of action.[4]

Here, the running of the applicable statute of limitations was initially delayed because Lisa Burns indicated to her friends that a recovery on their investment was likely. In August of 2000, she advised the claimants that their funds were either frozen or stolen. At the same time, however, she told them that she expected a full recovery. Three months later, in a November, 2000, letter, Burns wrote, "I honestly believe we are going to get our money back but it is just going to take awhile . . . keep the faith."[5]

An e-mail Lisa sent almost two years later, on June 27, 2002, was much less optimistic. In this message, Lisa stated, "Gary [Lisa's brother] is hoping this guy is going to try and open a hedge fund because he knows a lot of people with a lot of money . . . (probably all stolen) and maybe can start paying people back with some profits. I am praying to God that this happens." In my view, any possible tolling of the statute of limitations

---

[3] A.S. 45.55.930(f) (Thomson/West 2006).

[4] *City of Fairbanks v. Amoco Chem. Co.*, 952 P.2d 1173, 1177 n.8 (Alaska 1998), *citing Cameron v. State*, 822 P.2d 1362, 1366 (Alaska 1991).

[5] Creditors' Ex. K.

would have expired after receiving this discouraging e-mail.  This depressing message, together with the lapse of nearly twenty-three months where the claimants were unable to recover their investment because the funds were either frozen or stolen, would have caused a reasonable person to believe a claim for damages had accrued.  All the elements of a claim for relief were readily apparent at this time.

DeHart and Davis contend that the doctrine of equitable estoppel would toll the running of the statute of limitations.  Alaska recognizes the doctrine of equitable estoppel with regard to a statute of limitations defense.[6]

> To establish an equitable estoppel it is generally necessary that the party seeking to assert it show that the other party made some misrepresentation, or false statement, or acted fraudulently and that he reasonably relied on such acts or representations of the other party, and due to such reliance did not institute suit timely.[7]

Here, there is no evidence that Lisa Burns made misrepresentations or false statements, or that she acted fraudulently. While she initially represented that a recovery on the investments was anticipated, she did not engage in any misconduct.  She made no knowing misrepresentations to the claimants regarding recovery.  She informed the DeHarts and the Davises early on that the funds had been either stolen or frozen.  For the sake of her friends and family who had made investments, as well as for her own sake, she sincerely hoped for a recovery on the investments.  These hopes dimmed as time passed.  Her June, 2002, e-mail

---

[6]*Groseth v. Ness*, 421 P.2d 624, 630 (Alaska 1966).

[7]*Smith v. Thompson*, 923 P.2d 101, 104 (Alaska 1996), *citing Groseth v. Ness*, 421 P.2d at 632 n. 23.

4

message reflects her discouragement. Yet the DeHarts and Davises waited over two years after this message, and more than 4 years after they were first told the funds had been stolen or frozen, before they brought suit. Their delay in bringing suit is not attributable to any misrepresentations on Lisa's part. They were simply not diligent in pursuing their claims against Lisa. Under the circumstances, equitable estoppel cannot be applied to toll the statute of limitations.[8]

I conclude that the DeHart and Davis claims for violations of state security laws are barred by the statute of limitations. Their claims will be limited to the amounts set forth in the promissory notes, plus interest and pre-petition attorneys' fees.

I compute the claim balances as follows:

Claim No. 8 - DeHart Claim:

| | |
|---|---:|
| Principal | $ 9,000.00 |
| Interest 2-25-05 to 10-14-05 @8.25% | 468.93[9] |
| Pre-Petition Attorney Fees | 5,500.00 |
| | 14,968.93 |
| Less Funds Received | -4,800.00 |
| Allowable Claim | $10,168.93 |

---

[8] The Alaska supreme court also recognizes estoppel through fraudulent concealment. *Williams v. Williams,* 129 P.3d 428 (Alaska 2006). Under this theory, a party who fraudulently conceals the existence of a cause of action may be estopped from asserting a statute of limitations defense. *Id.* at 342. Lisa Burns did not conceal the underlying claims. She informed the DeHarts and Davises that the funds had been stolen or frozen as early as August of 2000. There is no basis for estoppel through fraudulent concealment.

[9] Interest is calculated from the date the state court complaint was served upon Lisa Burns, in accordance with AS 09.30.070(b) (Thomson/West 2006).

5

<u>Claim No. 8 - Davis Claim:</u>

| | |
|---|---:|
| Principal | $10,000.00 |
| Interest 7-15-05 to 10-14-05 @8.25% | 205.66[10] |
| Pre-Petition Attorney Fees | <u>7,730.29</u> |
| Allowable Claim | <u>$17,935.95</u> |

An order will be entered consistent with this memorandum.

DATED: August 22, 2006.

BY THE COURT

<u>/s/ Donald MacDonald IV</u>
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  E. Conard, Esq.
S. Shamburek, Esq.
L. Compton, Trustee
U.S. Trustee

8/23/06

---

[10] *Id.*

6