**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re:<br><br>JONATHAN CROSS BURNS and<br>LISA EVELYN BURNS,<br><br>                  Debtors. | Case No. A05-01930-DMD<br>Chapter 13<br><br>**Filed On**<br>**9/14/06** |

## MEMORANDUM RE RECONSIDERATION

The claimants allege that the statute of limitations does not apply to bankruptcy claims. 11 U.S.C. § 558 provides:

> The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.[1]

The Davis and DeHart claims are subject to the statute of limitations and other defenses.[2]

Under their oral guaranty theory, the claimants allege the statute of frauds doesn't apply to their claims. The statute of frauds provides that promises to answer for the debt of another are unenforceable unless set forth in writing and signed by the party

---

[1] 11 U.S.C. § 558.

[2] The court has reviewed the supplemental authority filed by the claimants on September 14, 2006 [Docket No. 64]. While the statute of limitations defense is generally disfavored, it is nonetheless a legitimate defense. *Lee Houston & Assocs., Ltd. v. Racine*, 806 P.2d 848, 854-55 (Alaska 1991). Neither the law nor the facts have been strained here. Moreover, the court is not relying solely in the statute of limitations defense in reaching its decision on the DeHart and Davis claims.

undertaking the obligation.[3] The claimants argue that this statute is inapplicable because Lisa Burns admitted making oral guarantees. I disagree. While Ms. Burns issued written notes and guaranteed the claimants' initial investments, she did not guaranty their later investments. She told the claimants that all investments "were guaranteed" because she erroneously believed the principal was guaranteed by some fictitious entity. She simply passed on to the claimants erroneous information that her brother had given her. She didn't admit making independent personal guarantees on the later investments. The statute of frauds applies. Only the initial notes given by Ms. Burns satisfy that statute. The later investments do not.

Finally, the DeHarts allege that $4,800.00 in payments received by them should be classified as interest rather than principal. I agree with the DeHarts that the payments they received were considered by everyone, including Ms. Burns, to be interest on their second $40,000.00 deposit. Everyone was wrong, however. The "interest" was simply bait for further investments into the fraudulent pyramid scheme. It really wasn't interest at all, but simply a partial return of the funds previously advanced to the scheme by the claimants and other parties. Under these circumstances, I think Ms. Burns should receive credit for those payments against the note she issued.

For the foregoing reasons, the claimants' motion for reconsideration will be denied. An order and judgment will be entered consistent with this memorandum.

---

[3] A.S. 09.25.010(3).

2

DATED: September 14, 2006

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: E. Conard, Esq. (for debtors)
S. Shamburek, Esq. (for DeHart/Davis)
L. Compton, Trustee
U. S. Trustee

9/14/06